**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAJI ANTOINE MEHANNA, | No. 06-74793 |
| Petitioner, | Agency No. A075-480-932 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2010
San Francisco, California

Before: D.W. NELSON, THOMPSON, and McKEOWN, Circuit Judges.

Naji Antoine Mehanna seeks review of the Board of Immigration Appeals'

("BIA's") decision denying his application for asylum and his motion to terminate

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review legal

questions de novo. Lagandaon v. Ashcroft, 383 F.3d 983, 987 (9th Cir. 2004). We

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

review the agency's factual determinations for substantial evidence. Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir. 2002). We deny the petition for review.

Mehanna conceded removability for visa overstay and defensively applied for asylum, claiming he had a well-founded fear of persecution in Lebanon on account of his previous membership in the Lebanese Special Forces. The immigration judge ("IJ") granted Mehanna's application for asylum in May 1998. In 2003, the BIA found Mehanna had not demonstrated an objective, well-founded fear of persecution and entered an order of removal. Mehanna petitioned this court for review. Under then-current Ninth Circuit precedent, the BIA was not authorized to issue an order of removal and this court therefore did not reach the merits of Mehanna's asylum claim. See Molina-Camacho, 393 F.3d 937, 941 (9th Cir. 2004), *overruled by* Lolong v. Gonzales, 484 F.3d 1173, 1177 (9th Cir. 2007) (en banc).

In response to the government's motion, in 2005 the BIA remanded the case to the IJ for proceedings to comply with Molina-Camacho, 393 F.3d at 941. On remand, Mehanna filed a motion to terminate proceedings. The IJ found she lacked jurisdiction to consider Mehanna's claim of subsequent travel, and the BIA affirmed. This petition followed.

We hold that under the specific circumstances of Mehanna's case, the BIA's remand to the IJ to enter an order of removal was sufficiently narrow that the BIA maintained jurisdiction over the case. The BIA vacated its prior decision only "insofar as it enter[ed] an order of removal." The limited fashion in which the BIA vacated its prior decision was sufficient to maintain jurisdiction over the matter, and the BIA limited the scope of the remand to proceedings consistent with Molina-Camacho. See Fernandes v. Holder, 619 F.3d 1069, 1072 (9th Cir. 2010). We therefore uphold the BIA's decision denying the motion to terminate.

Mehanna also appeals the BIA's decision denying his asylum claim and holding that he failed to demonstrate an objective, well-founded fear of persecution. Reviewing for substantial evidence, we conclude that no evidence in the record compels the conclusion that Mehanna had an objectively well-founded fear of future persecution. See Molina-Estrada v. INS, 293 F.3d at 1093 (upholding on substantial evidence review the BIA's decision denying asylum although the evidence would permit a different result).

**PETITION FOR REVIEW DENIED.**

3